PAINE, *Administrator de bonis non, App't, versus* PAULK, *Administrator de bonis non.*

An allowance to the widow by the Judge of Probate, in the settlement of estates, can only be discharged from the proceeds of the personal estate.

If the allowance exceeds the value of the personal estate, for such excess it cannot be sustained.

An administrator, who, under license of the Probate Court, sells the real estate of his intestate, for the payment of debts and incidental charges, and makes use of the avails thereof in his business, is chargeable with lawful interest thereon, while thus using it.

ON FACTS AGREED.

APPEAL from a decree of the Judge of Probate for Penobscot County.

The defendant represents the estate of Erastus Learned, deceased, and the appellant that of Enoch Brown, deceased, who was a creditor of defendant's intestate.

Learned died in 1836, and administrators were appointed of his estate. They returned an inventory of real estate to a large amount, and of wearing apparel and household furniture $561, and other personal estate consisting of choses in action of over $12,000.

On petition of the widow, the Judge of Probate allowed her $1000. Starrett, one of the administrators, paid towards her allowance $560, which was charged and allowed in his final account. The administration of the estate was not closed before Starrett died, and the other resigned, when in April, 1842, the defendant was appointed administrator *de bonis non.*

In 1842, license was obtained by defendant to sell all the real estate, and the same was sold, in 1843, together with the reversion of the widow's dower.

The estate, in 1837, was represented to be insolvent, and commissioners were appointed to examine the claims. From their decision on one claim, the administrators appealed, and the same was finally decided by the Supreme Court in 1850. On account of this litigated claim no account was settled by the defendant until the decision; but the defendant made

use of the money belonging to the estate, in his business, during the pendency of that suit, and until the settlement of his account in 1853.

No part of the personal estate inventoried has become available to the administrator, save the wearing apparel and furniture, and the rest is entirely worthless.

In the account filed by the defendant in the Probate Court, in 1853, are credits for no other sums than for proceeds of real estate sold under license, out of which he charged for payment of the widow's allowance $500.

This allowance was objected to by the appellant, but the charge was allowed by the Judge of Probate.

At the time of this settlement, the appellant claimed, that the defendant should be charged with interest upon the money of the estate in his hands, used in his business operations, but the Judge decided otherwise.

The causes assigned for the appeal were : —

1. The allowance of $500, paid for balance of allowance to the widow of said Learned, it having been paid out of the proceeds of real estate.

2. The allowance of more than $440, on that item, that sum alone being due her if any thing.

3. The non-allowance or credit of interest on the balance found due from said Paulk remaining in his hands from the year 1843 to the settlement of his account, he having traded upon the same.

The Court were to render a judgment conformable to law.

*Paine, pro se.*

1. The defendant sold lands belonging to the estate, and received his pay therefor, which money he has ever since used in his business. Such use, it is contended, makes him chargeable with interest. *Wyman* v. *Hubbard,* 13 Mass. 233 ; *Stearns* v. *Brown,* 1 Pick. 530 ; *Boynton* v. *Dyer,* 18 Pick. 1 ; 1 Johns. Ch. 510 ; *Manning* v. *Manning,* 1 Johns. Ch. 535 ; *Brown* v. *Reckett,* 4 Johns. Ch. 303 ; *Kel-*

*lett* v. *Rathbun*, 4 Page, 102; *Griswold* v. *Chandler*, 5 N. H. 492; *McAllaster* v. *Bruce*, 1 McMellen's Ch. 275.

In England the courts uniformly recognize this principle. *Sutton* v. *Sharpe*, 1 Russ. 146; *Peety* v. *Starr*, 4 Vesey, jr., 620; *Millard* v. *Gray*, 2 Collyer's Ch. Cases, 295.

2. The fact that the funds were retained to await the decision of an appeal, then pending, does not excuse the charge. The reason of the rule is, that having made use of the money, the estate is entitled to the legal compensation which such use attaches to it.

3. It is further contended that from the facts presented, the defendant is chargeable with interest. All the authorities concur in this, that where there has been an unreasonable delay in accounting for trust funds, interest for that cause will be charged. The defendant was a party to the appeal for eight years, and then rendered no account until three years after its termination. Such delay is unjustifiable and makes him accountable.

4. The payment of the widow's allowance out of avails of the real estate was illegal. From the appearance of the inventory, the allowance made by the Judge was reasonable, but the personal assets all failed, excepting the sum of $560, all of which was delivered to the widow. The deficit the appellee paid from the proceeds of real estate.

The language of the statute authorizing allowances is explicit; they can only be made out of personal estate. R. S., c. 108, § 18.

The strictness with which courts guard the real estate is indicated by *Brazier* v. *Dean*, 15 Mass. 113; *Cram* v. *Cram*, 17 Pick. 427.

5. But if this *allowance* made by the Judge is correct, the payment by the appellee was too large; $440 was the sum due to the widow, and he has paid $500.

*Kent*, for appellee.

HATHAWAY, J. — The administrator is the legal personal representative, and has charge of the personal property of the deceased intestate.

The intestate's real estate goes to his heirs, subject only to its liability "for the payment of just debts, incidental expenses of sale, and charges of administration," and does not become assets in the hands of the administrator, unless it become necessary to sell it for those purposes; when, by special license from the court, he may be authorized so to do. R. S., c. 112, § 1.

In the settlement of an intestate estate, "the widow, besides her apparel and ornaments, shall be entitled to so much of the personal estate as the Judge shall determine to be necessary, according to the degree and estate of her husband, regard being had to the state of the family under her care." Stat. c. 108, § 18.

The case at bar finds that the whole value of the personal estate of the deceased was but five hundred and sixty-one dollars, and to that extent only, can the allowance of the Judge of Probate to the widow be sustained. The allowance was so much "of the personal estate," and could not, of course, exceed the whole amount of the fund out of which it was payable. It must, of necessity, have that limitation. The administrator, Starrett, paid her five hundred and sixty dollars, and hence it follows, that the payment of four hundred and ninety-nine dollars, of the item of five hundred dollars, paid her by the defendant, was a wrongful appropriation of the money which had been raised by the sale of real estate for another purpose, and so much of that charge cannot be allowed him.

The case finds "that the defendant has made use of the money belonging to the estate, in his business, during all the time, since he received it in 1843, and that the money was received for real estate sold under license of Court for the payment of debts, in which case the administrator must have given bond, as required by stat. c. 112, § 5, "that the proceeds of the sale should be truly applied and accounted

for according to law," and there can be no question that he is chargeable for lawful interest, on money thus raised and received, while he used it.

The decree of the Probate Court is reversed and the case is remanded for further proceedings accordingly.

SHEPLEY, C. J., and TENNEY, HOWARD and APPLETON, J. J., concurred.